UNITED STATES of America

v.

William Thomas KENT, Patrick Petroleum Corporation of Michigan, a Michigan Corporation, Charles Douglas Robinson, Ronald Lamar Meeks, and Lauren Lee Smith, Jr.

Crim. No. H–78–112.

United States District Court,
S. D. Texas,
Houston Division.

Oct. 10, 1978.

Dougald McMillan, U. S. Dept. of Justice, Washington, D.C., and Jack C. O'Donnell, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Tigar & Buffone, Samuel J. Buffone, Washington, D.C., for defendant Patrick Petroleum Corp. of Mich.

Tigar & Buffone, Michael E. Tigar, Washington, D.C., for defendant Charles Douglas Robinson.

Michael W. Ramsey, Houston, Tex., for defendant Ronald Lamar Meeks.

## MEMORANDUM AND ORDER

STERLING, District Judge.

William Thomas Kent, Patrick Petroleum Corporation of Michigan, Charles Douglas Robinson, Ronald Lamar Meeks, and Lauren Lee Smith, Jr. have been indicted on numerous counts of violating the federal mail fraud statute (18 U.S.C. § 1341). The Defendants are charged with concocting a scheme to defraud Union Oil Company of California of "(a) its right to have its business and affairs conducted honestly . . . ,

(b) its right to the conscientious, loyal . . performance of duties by Defendant Lauren Lee Smith, Jr. [its employee] . . . , and (c) its property and secret profits obtained by Defendant Lauren Lee Smith, Jr. in the performance of his duties as a draftsman for the Union Oil Company." According to the indictment, William Thomas Kent persuaded Smith to funnel confidential geophysical information gathered by Union Oil to Kent. Kent then sold the information to Patrick Petroleum which allegedly knew that the data had been misappropriated. Patrick Petroleum employed brokers to procure oil and gas leases based on the data obtained from Kent.

Counts One through Sixteen involve substantive mail fraud violations. Count Seventeen alleges a conspiracy to use the mails in furtherance of a scheme to defraud. Defendant Smith has pleaded guilty to Count Eleven. Under a plea agreement, if he persists in such plea, the other counts against him will be dismissed. Defendants Patrick Petroleum, Robinson, and Meeks have filed a motion to dismiss the indictment for failure to allege an offense against the United States.

In order to charge the offense of mail fraud, there must exist a scheme to defraud and the use of the mails for the purpose of executing that scheme. *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). The federal mail fraud statute does not reach all frauds, but only those in which the mails are used to execute the fraud. Other cases are left to state law. *Kann v. United States,* 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944). It is not enough that a scheme to defraud exists and that the defendant has caused the mails to be used in some tangential fashion. The mailing must be for the purpose of executing the scheme. *United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974). From the face of this indictment, the mailings are not sufficiently closely related to the alleged scheme to bring them within the mail fraud statute. The scheme to defraud involved in this indictment was the tampering with the employer-employee relationship existing between Union Oil and Lauren Lee Smith and obtaining confidential geophysical data from Union Oil through its employee. There is no allegation that the mails were employed in this activity. The mailings made the subject of this indictment all deal with the activities of Patrick Petroleum and its operatives vis-a-vis the various Mississippi oil and gas leases. Count One is based on a statement from a Larry Bloomer to Defendant Ronald Meeks, a Patrick Petroleum employee, for services and expenses in Hancock County, Mississippi. Count Nine is based on the mailing of a memorandum from Ronald Meeks to Charles Robinson which referred to acreage in Issaquena County, Mississippi, which was about to go on sale. Count Fourteen is based upon an offer to sell Mississippi acreage sent by Ronald Meeks to Union Oil. These counts are representative of the other mail fraud counts charged in the indictment.

In *United States v. LaFerriere,* 546 F.2d 182 (5th Cir. 1977), the Court stated that the close relation of the mailings to the scheme (required by *United States v. Maze, supra* ) "does not turn on time or space, but on the dependence in some way of the completion of the scheme or the prevention of its detection on the mailings in question." *Id.* at 187. In *United States v. Brickey,* 296 F.Supp. 742 (E.D.Ark.1969), the Court explained the close relation required in the following manner:

"Regardless of the particular language that a particular court may use in describing the necessary connection between the fraud and the use of the mails, it seems clear in the context of a criminal prosecution that the connection must be real and proximate, not merely abstract or remote." at 748.

It is readily apparent that the scheme to defraud Union Oil of the honest services of Lauren Smith and to obtain Union Oil's secret geophysical data was in no way furthered or connected with the mailings made the basis of this indictment. Those mailings all related to the activities of Patrick Petroleum in acquiring oil and gas leases in

Mississippi. Although the indictment alleges a continuing scheme of channeling confidential data to Thomas Kent and then to Patrick Petroleum, each and every mailing alleged in the indictment was remote from the misappropriation of the data and the defalcation of the Union Oil employee. Therefore, it is

ORDERED that the indictment be dismissed.